ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>Appellee,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Appellants. | No. 26-5330, 26-5336 (consol.) |
| STATE OF CALIFORNIA,<br><br>Appellee,<br><br>v.<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE,<br><br>Appellants. | |

**EPA'S REPLY IN SUPPORT OF ITS MOTION**
**TO EXPEDITE AND FOR A BRIEFING SCHEDULE**

In its opening motion, EPA explained that this appeal is expedited by statute and requested an appropriate briefing schedule. In opposition, California contends that EPA is seeking "additional expedition" that requires "an extraordinary

circumstance" to justify. Opp. at 2, ECF 2196439. But all EPA is asking for is a schedule consistent with this appeal's expedited status—indeed, while expedited, EPA's schedule still gives California a business week more than Federal Rule of Appellate Procedure 31(a)(1) provides. EPA's requested schedule is particularly appropriate because it will conserve judicial and party resources, and the injunction is injuring EPA. The Court should grant EPA's motion and enter its requested schedule.

If this Court disagrees, it should still not grant California's protracted schedule and should at minimum shorten it. The following schedule, for example, would provide California with virtually all of the time the State says it needs to prepare an opposition brief while still expediting the briefing schedule:

(1) EPA's principal brief and the appendix shall be filed and served on October 28, 2026;

(2) Intervenors American Fuel & Petrochemical Manufacturers and American Petroleum Institute's brief shall be filed and served on October 30, 2026;

(3) California's principal brief shall be filed and served on December 11, 2026;

(4) EPA's reply brief shall be filed and served on January 8, 2027; and

(5) Intervenors' reply brief shall be filed and served on January 12, 2027.

Under this schedule, California would receive 42 days to file its brief, nearly two weeks longer than Federal Rule of Appellate Procedure 31 provides. And while this period of time is shorter than the 51 days the State requested, Opp. at 12, this schedule would not require California to prepare its brief over the end-of-year holidays.

**ARGUMENT**

**A.** EPA's briefing schedule conserves judicial and party resources. If EPA prevails in this Court, as it clearly should, then further proceedings in the district court will likely be unnecessary. On the other hand, if California prevails, then this Court's decision will inform the district court and the parties going forward, narrowing the issues for that court to resolve.

By contrast, California's proposal—pursuing merits briefing in this Court while at the same time briefing summary judgment in the district court—invites wasted judicial resources in these circumstances. If EPA prevails here before the district court rules, then everyone will have wasted their efforts briefing and considering summary judgment. And if the district court issues a final judgment before this Court rules, California will likely contend these appeals are moot and new, largely duplicative appeals are required.

EPA's proposed schedule is also reasonable. California would receive a business week more than the amount of time that Federal Rule of Appellate

Procedure 31(a)(1) provides. *See* Mot. at 12. California, on the other hand, proposes 51 days to prepare its response brief, a pace that is not consistent with an expedited appeal. *See* Opp. at 11. To be sure, that proposed period of time includes several holidays, but that is just another reason to prefer EPA's schedule, as briefing would be complete before the late-December holiday season.

**B.** California misstates the standard for an expedited briefing schedule.

For appeals that are expedited by statute, "[a] party desiring a more expedited schedule than that entered by the Clerk, or expedited oral argument, must file a motion." D.C. Circuit Handbook of Practice and Internal Procedures 34 (2026) (the Handbook). The Clerk has not yet entered a schedule, but has set deadlines of October 19, 2026 for most of the initial filings in this case. *See* ECF 2193811. Because EPA seeks a deadline of October 14, 2026 for its opening brief, it moved for a reasonably expedited schedule. EPA has complied with this Court's requirements.

While neither this Court's local rules nor the Handbook require a showing of irreparable injury for a more expedited schedule, EPA has demonstrated significant injury. *See* Mot. at 7-12. California argues that EPA must make a "showing of … irreparable injury that will occur in the absence of ultra-expedition." Opp. at 11 (citing Handbook at 34). But the Handbook requires such a showing only "[w]hen expedition is not required by statute." Handbook at 34. Because, as all parties

agree, Opp. at 11, 28 U.S.C. § 1657(a) and this Court's rules expedite appeals from preliminary injunctions, EPA does not need to show irreparable injury to obtain an expedited briefing schedule.

Nonetheless, EPA has shown that the injunction injures the agency. *See* Mot. 7-12. Contrary to California's assertion, *National Park Service v. National Trust for Historic Preservation in the United States*, 609 U.S. ----, 2026 WL 2564318 (Aug. 31, 2026) is directly on-point. In that case, the Court held that the injunction at issue would irreparably harm the government, and the headline reason provided was that "[t]he district court likely exceeded its Article III authority to enjoin the activities of a coordinate branch of government." *Id.*, 2026 WL 2564318, at *3. That the injunction in that case also harmed the government in other ways does not change the analysis. And that the case did not involve "a request for additional expedition" is irrelevant, Opp. at 16; the case holds that enjoining the Executive Branch without jurisdiction harms the government.

The district court lacked jurisdiction for several reasons. On standing, the district court held that California established two injuries in fact: supposed loss of procedural rights in a future, hypothetical withdrawal proceeding and the expenditure and diversion of resources in anticipation of that future withdrawal. *See* Opp. at 17. The first theory is meritless, *see* Mot. at 8-9, and therefore the second also fails because a party "cannot manufacture standing merely by

inflicting harm on [itself] based on [its] fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

Similarly, the district court overstepped its bounds by concluding that it could review EPA's determinations under the CRA, notwithstanding that statute's jurisdiction-stripping provision. *See* Mot. at 9-10. If that were not enough, the adequacy of agency submissions to Congress pursuant to reporting statutes is a judgment "singularly committed to *congressional* discretion." *NRDC v. Hodel*, 865 F.2d 288, 318 (D.C. Cir. 1988) (R.B. Ginsburg, J.) (emphasis in original). While it is true in the normal course that a court "does not usurp legislative or executive power by interpreting a statute," Opp. at 14 (cleaned up), a court *does* exceed its jurisdiction when ruling on matters specifically withheld from review under binding case law and statutes.

**C.** And the injunctions *do* interfere with Executive Branch communications. Both orders require EPA to "withdraw or correct EPA's reclassifications" of the waivers "in all public statements," including the press releases. *See* Mot., Ex. A at 2, Ex. B at 6. As the press releases stated that "EPA has determined that each of these waivers is a rule under the CRA," Mot., Ex. C at 24, the district court has ordered EPA to "withdraw or correct" statements that represent its legal views. "[P]ublic statements" are heard by, among other listeners, Congress and its members. So while EPA does not understand the injunctions to

prohibit private or direct communications between the agency and Congress, EPA did make the press releases inaccessible to the public in response to the injunctions and as explained in EPA's status reports filed in the district court. *See* Opp., Ex. 1 at 2, Ex. 2 at 2.

Finally, California does not deny that it sought the injunctions at issue in this appeal to influence Congress. *See* Opp. at 15. And *that* is EPA's concern with the orders here: that the State sought from the district court an order that would interfere with relations between the agency and Congress. Mot. at 11-12.

## CONCLUSION

The Court should enter EPA's requested schedule and expedite disposition of the appeal.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

*/s/ Jeffrey Hughes*
ROBERT P. STOCKMAN
JEFFREY HUGHES
United States Department of Justice
P.O. Box 7415
Washington D.C. 20044
Tel: (202) 532-3080
jeffrey.hughes@usdoj.gov

*Counsel for Appellants*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,298 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

*/s/ Jeffrey Hughes*
Jeffrey Hughes